**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

**In Re:**

| | |
|---|---|
| TCR III, INC. (f/k/a America House One, Inc.), EIN: 54-1910021 | Case No. 15-14162-BFK |
| TCR IV, INC. (f/k/a America House Two, Inc.), EIN: 54-1892641 | Case No. 15-14163-BFK |
| TCR V, INC. (f/k/a America House Three, Inc.), EIN: 54-1914323 | Case No. 15-14165-BFK |
| TCR VI, INC., and EIN: 76-0801398 | Case No. 15-14168-BFK |
| AMERICA HOUSE ASSISTED LIVING OF FRONT ROYAL, L.L.C., EIN: 54-2023050 | Case No. 15-14169-BFK |
| Debtors. | Chapter 11 |

**DEBTOR'S MOTION FOR ORDER APPROVING**
**INTERIM USE OF CASH COLLATERAL AND**
<u>**SETTING FINAL HEARING**</u>

**COME NOW** TCR III, Inc. (f/k/a America House One, Inc.); TCR IV, Inc. (f/k/a America House Two, Inc.); TCR V, Inc. (f/k/a America House Three, Inc.); TCR VI, Inc.; and America House Assisted Living of Front Royal, L.L.C. (collectively the "**Debtors**"), by counsel, and file this motion pursuant to Bankruptcy Code §§ 105(a), 363, 1107(a) and 1108, and Federal Rule of Bankruptcy Procedure 4001, for entry of an order approving the applicable Debtor to use cash collateral on an interim basis pending final approval and setting procedures for providing appropriate notice of the foregoing, and in support thereof state as follows:

Roy M. Terry, Jr., VSB No. 17764
William A. Gray, VSB No. 46911
John C. Smith, VSB No. 44556
SANDS ANDERSON PC
P.O. Box 1998
Richmond, Virginia 23218-1998
Telephone: 804.648.1636
*Proposed Counsel for the Debtors*

**Jurisdiction**

1. On November 24, 2015 (the "**Petition Date**"), each of the above-identified debtors filed voluntary petitions seeking relief pursuant to Chapter 11 of the United States Bankruptcy Code. Each debtor continues to manage and operate their respective business as a debtor-in-possession in accordance with 11 U.S.C. §§ 1107 and 1108. No creditor's committee, trustee, or examiner has been appointed in any of the cases.[1]

2. The Court has jurisdiction over this motion pursuant to 28 U.S.C. § 157(b)(2). Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**Summary**

3. Debtor TCR III, Inc. ("**TCR III**"), is a Virginia corporation licensed by the Virginia Department of Social Services to operate an assisted living facility for up to 27 residents at 10140 Hastings Drive, Manassas, Virginia 20110 (the "**Manassas Facility**"). TCR III owns the Manassas Facility.

4. Debtor TCR IV, Inc. ("**TCR IV**") is a Virginia corporation licensed by the Virginia Department of Social Services to operate an assisted living facility for up to 31 residents at 680 University Lane, Orange, Virginia 22960 (the "**Orange Facility**"). TCR IV owns the Orange Facility.

5. Debtor TCR V, Inc. ("**TCR V**") is a Virginia corporation licensed by the Virginia Department of Social Services to operate an assisted living facility for up to 46 residents at 110 Spanish Oak Road, Stephens City, Virginia 22665 (the "**Stephens City Facility**"). TCR V owns the Stephens Facility.

---

[1] Concurrent with the filing of this motion, debtors have filed a *Declaration of Charles V. Rice in Support of Initial Motions.*

6.	Debtor American House Assisted Living of Front Royal, L.L.C. ("**America House Front Royal**") is a Virginia limited liability company licensed by the Virginia Department of Social Services to operate an assisted living facility for up to 27 residents at 106 Westminster Drive, Front Royal, Virginia 22630 (the "**Front Royal Facility**") (together with the Manassas Facility, the Orange Facility and the Stephens City Facility, the "**Facilities**").  America House Front Royal owns the Front Royal Facility.

7.	Debtor TCR VI, Inc. ("**TCR VI**") is a Virginia corporation with a mailing address of 400A Kendrick Lane, Front Royal, Virginia 22630.  TCR VI is wholly owned by TCR III.  TCR VI was formed to manage one or more Facilities, but has not taken over the management of any of the Facilities.

8.	For each of the Debtors except TCR VI, the residents in the Facilities are elderly people who rely on the Debtor for their every need.  As such, the Debtors' use of cash collateral is essential to Debtors' reorganization success in that the Debtors need all of funds generated by operations to pay for Debtor's post-petition operating expenses to continue care for the residents at the facility without interruption.

9.	Absent the availability of cash collateral, the Debtors will not be able to pay for expenses necessary for the health, safety and welfare of its residents.

10.	On or about May 28, 2015, TC10 Grantor Trust ("**TC10 Trust**") and TS Cambridge Grantor Trust ("**TS Cambridge Trust**") (together with TC10 Trust, the "**Secured Parties**") filed a complaint in state court against the Debtors seeking, among other things, appointment of a receiver to take immediate custody and control of each of the Debtors pending the Secured Parties sale of the Debtors' real and personal property.  *See TC10 Grantor Trust v. TCR III, Inc.*, No. CL15-3871 (Cir. Ct. Prince William County) (the "**State Court Action**").

11. Debtors filed bankruptcy on November 24, 2015, which stayed a hearing in the State Court Action scheduled for November 30, 2015.

### Debtors' Prepetition Financing

A. **TCR III.**

12. In the State Court Action, TC10 Trust alleges that it is the owner and holder of a Deed of Trust Note, dated March 31, 1999, made by America House One, Inc. (TCR III's predecessor-in-interest), in the original amount of $2,077,400.00 ("**TCR III Note**"). TC10 Trust further alleges that the TCR III Note is secured by a Deed of Trust on the Manassas Facility ("**Manassas Facility DOT**"), and by a Security Agreement and certain financing statements encumbering all personal property of TCR III, including, without limitation, inventory, accounts, rents, equipment, furniture, furnishings, and intangibles (the "**Manassas Facility Personal Property**").

13. On August 1, 2005, TC10 Trust and TCR III (together with other related debtor-entities) entered into a Forbearance Agreement that, among other things provided for the formation of TCR VI to manage the facilities, and in which the TC10 Trust agreed to forbear from exercising foreclosure rights until December 1, 2006.

14. On October 1, 2007, TC10 Trust and TCR III (together with other related debtor-entities) entered into a Second Forbearance Agreement that among other things extended the "due and payable" date of the TCR III Note.

15. In the State Court Action, TC10 Trust alleges that, as of May 1, 2015, the outstanding balance of the TCR III Note is $2,829,672.57, exclusive of attorneys' fees and costs.

4

**B. TCR IV.**

16. In the State Court Action, TC10 Trust alleges that it is the owner and holder of a Deed of Trust Note, dated February 25, 1999, made by America House Two, Inc. (TCR IV's predecessor-in-interest), in the original amount of $2,295,000.00 ("**TCR IV Note**").  TC10 Trust further alleges that the TCR IV Note is secured by a Deed of Trust on the Orange Facility ("**Orange Facility DOT**") and by a Security Agreement and certain financing statements encumbering all personal property of TCR IV, including, without limitation, inventory, accounts, rents, equipment, furniture, furnishings, and intangibles (the "**Orange Facility Personal Property**").

17. On August 1, 2005, TC10 Trust and TCR IV (together with other related debtor-entities) entered into a Forbearance Agreement that, among other things provided for the formation of TCR VI to manage the facilities, and in which the TC10 Trust agreed to forbear from exercising foreclosure rights until December 1, 2006.

18. On October 1, 2007, TC10 Trust and TCR IV (together with other related debtor-entities) entered into a Second Forbearance Agreement that among other things extended the "due and payable" date of the TCR IV Note.

19. In the State Court Action, TC10 Trust alleges that, as of May 1, 2015, the outstanding balance of the TCR IV Note is $2,377,658.53, exclusive of attorneys' fees and costs.

**C. TCR V.**

20. In the State Court Action, TC10 Trust alleges that it is the owner and holder of a Deed of Trust Note, dated July 18, 2000, made by America House Three, Inc. (TCR V's predecessor-in-interest), in the original amount of $3,029,000.00 ("**TCR V Note**").  TC10 Trust further alleges that the TCR V Note is secured by a Deed of Trust on the Stephens City Facility

("**Stephens City Facility DOT**") and by a Security Agreement and certain financing statements encumbering all personal property of TCR V, including, without limitation, inventory, accounts, rents, equipment, furniture, furnishings, and intangibles (the "**Stephens City Facility Personal Property**").

21. On August 1, 2005, TC10 Trust and TCR V (together with other related debtor-entities) entered into a Forbearance Agreement that, among other things provided for the formation of TCR VI to manage the facilities, and in which the TC10 Trust agreed to forbear from exercising foreclosure rights until December 1, 2006.

22. On October 1, 2007, TC10 Trust and TCR V (together with other related debtor-entities) entered into a Second Forbearance Agreement that among other things extended the "due and payable" date of the TCR V Note.

23. In the State Court Action, TC10 Trust alleges that, as of May 1, 2015, the outstanding balance of the TCR III Note is $4,812,941.41, exclusive of attorneys' fees and costs.

**D. America House Front Royal.**

24. In the State Court Action, TC Cambridge Trust alleges that it is the owner and holder of a Deed of Trust Note, dated March 2, 2001, made by America House Front Royal, in the original amount of $2,111,250.00 (the "**America House Front Royal Note**"). TC Cambridge Trust further alleges that the America House Front Royal Note is secured by a Deed of Trust on the Front Royal Facility ("**Front Royal Facility DOT**") and by a Security Agreement and certain financing statements encumbering all personal property of TCR III, including, without limitation, inventory, accounts, rents, equipment, furniture, furnishings, and intangibles (the "**Front Royal Facility Personal Property**").

25. In the State Court Action, TC10 Trust alleges that, as of May 1, 2015, the outstanding balance of the America House Front Royal Note is $4,812,941.41, exclusive of attorneys' fees and costs.

**Relief Requested**

26. By this Motion, Debtors seek interim authority to use the cash collateral of the Secured Parties. Debtors believe, after preliminary investigation, that one or more of the Secured Parties have a perfected security interest in the applicable Debtor's real estate and substantially all personal property, including cash collateral. The cash collateral and rents receivable of each Debtor is the only immediate sources of financing available to the Debtor and none of the Debtors are able to secure other debtor-in-possession financing on better terms.

**Basis for Relief**

27. Bankruptcy Code § 363(c)(2) provides:

> (2) The trustee may not use, sell, or lease cash collateral under paragraph (1) of this subsection unless—
>
> > (A) each entity that has an interest in such cash collateral consents; or
> >
> > (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section.

11 U.S.C. § 363(c)(2).

28. Federal Rule of Bankruptcy Procedure 4001(b)(2) provides:

> *Hearing.* The court may commence a final hearing on a motion for authorization to use cash collateral no earlier than 15 days after service of the motion. If the motion so requests, the court may conduct a preliminary hearing before such 15 day period expires, but the court may authorize the use of only that amount of cash collateral as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing.

FED. R. BANKR. P. 4001(b)(2).

29. Accordingly, the Debtors request that the Court grant interim approval of the use of cash collateral.

30. <u>Entry of a Cash Collateral Order is in the Best Interests of the Residents, Debtors, the Creditors, and the Estates</u>. The Debtors have engaged in a reasonable exploration of the availability of alternate credit, but are unable to obtain post-petition credit. Because a substantial amount of Debtors' assets are already encumbered with liens granted to the Secured Parties to secure debts incurred prior to the Petition Date, the Debtors are unable to obtain, in the ordinary course of business or otherwise, unsecured credit allowable pursuant to Bankruptcy Code § 503(b)(1) as an administrative expense in an amount necessary for the maintenance and preservation of its assets and operation of its business on more advantageous economic and non-economic terms than those offered under the Proposed Order.

31. Entry of the Proposed Order is in the best interests of the Residents, the Debtors, their creditors and the estate, and will enable the Debtors among other things, to (i) pay employees and trade creditors, (ii) maintain continuity of operations, and (iii) facilitate a smooth transition into a successful reorganization.

32. Moreover, the Debtors submit that the use of cash collateral contemplated by the Proposed Order is appropriate and proper under the facts herein. As indicated above, the Debtors cannot care for the residents post-petition without the use of cash collateral.

33. Based upon the foregoing, the Debtors urge the Court to approve the Proposed Order, thereby authorizing the Debtors to use cash collateral.

34. <u>Notice and Final Hearing</u>. No trustee, examiner or creditor's committee has been appointed in this Chapter 11 case. Notice of this Motion has been given to (i) the United States Trustee, (ii) counsel to the Secured Parties, and (iii) the Debtor's twenty largest creditors. Debtor

submits that such notice is appropriate and sufficient under the circumstances, and that no other or further notice is required.

35. Pursuant to Federal Rule of Bankruptcy Procedure 4001(b)(2), the Debtors respectfully request that this Court schedule a final hearing on the relief sought in the Motion for a date to coincide with the § 341 meeting of creditors. The Debtors further requests that they be authorized to provide notice of the final hearing by serving a copy of the Motion, together with the order approving the Proposed Order on an interim basis, upon (i) the United States Trustee, (ii) counsel to the Secured Parties, (iii) the Debtor's twenty largest creditors, (iv) counsel for any committee of unsecured creditors appointed pursuant to Bankruptcy Code § 1102, (v) any other party which has filed a request for special notice with this Court and served such request on Debtor's counsel, and (vi) such taxing authorities as may hold a claim against the Debtors.

36. <u>No Prior Request</u>. No previous request for the relief sought in this Motion has been made to this or any other Court.

**WHEREFORE**, the applicable Debtor requests that the Court enter an order in the form annexed hereto as <u>Exhibit A</u>, which among other things:

1. Authorizes Debtors to use cash collateral;

2. Sets the last time and date for the filing of objections to approval of the Proposed Order on a final basis;

3. If an objection to the approval of the Proposed Order on a final basis is filed, sets a hearing at a time and place set forth therein to consider approving the Proposed Order on a final basis pursuant to Federal of Bankruptcy Procedure 4001;

4. After the final hearing (if necessary), enter a final order, authorizing Debtors to utilize the cash collateral in accordance with the terms and subject to the provisions of the Proposed Order; and

5. Grant such other and further relief as is just and proper.

Dated: December 29, 2015          TCR III, INC., TCR IV, INC.,
                                                    TCR V, INC., TCR VI, INC., and
                                                    AMERICA HOUSE ASSISTED LIVING OF
                                                       FRONT ROYAL, L.L.C.,
                                                      by Proposed Counsel

/s/ Roy M. Terry, Jr.
Roy M. Terry, Jr., VSB No. 17764
William A. Gray, VSB No. 46911
John C. Smith, VSB No. 44556
SANDS ANDERSON PC
P.O. Box 1998
Richmond, VA 23218-1998
Telephone: 804.648.1636
*Proposed Counsel for the Debtors*

W3215680

EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

**In Re:**

| | |
|---|---|
| TCR III, INC. (f/k/a America House One, Inc.), EIN: 54-1910021 | Case No. 15-14162-BFK |
| TCR IV, INC. (f/k/a America House Two, Inc.), EIN: 54-1892641 | Case No. 15-14163-BFK |
| TCR V, INC. (f/k/a America House Three, Inc.), EIN: 54-1914323 | Case No. 15-14165-BFK |
| TCR VI, INC., and EIN: 76-0801398 | Case No. 15-14168-BFK |
| AMERICA HOUSE ASSISTED LIVING OF FRONT ROYAL, L.L.C., EIN: 54-2023050 | Case No. 15-14169-BFK |
| **Debtors.** | **Chapter 11** |

## FIRST INTERIM ORDER APPROVING USE OF CASH COLLATERAL AND SETTING FINAL HEARING

This matter comes before the Court, upon the applicable Debtor's motion for an order approving Debtor's use of cash collateral and setting final hearing, and due notice having been provided under the circumstances, and sufficient cause appearing therefore, and

**IT APPEARING** that Debtor is unable to obtain the use of cash collateral or unsecured credit from any source other that its cash collateral, and under the circumstances, no other source of immediate financing exists for the Debtor;

**IT APPEARING** that Debtor cannot care for its nursing home residents (the "**Residents**") post-petition without the use of its cash collateral;

Roy M. Terry, Jr., VSB No. 17764
William A. Gray, VSB No. 46911
John C. Smith, VSB No. 44556
SANDS ANDERSON PC
P.O. Box 1998
Richmond, Virginia 23218-1998
Telephone: 804.648.1636
*Proposed Counsel for the Debtors*

**IT APPEARING** that Debtor the relief requested in the motion is necessary, essential, and appropriate for the continued operation of Debtor's business, the health, safety and welfare of its Residents, and the management and preservation of Debtor's assets and properties is in the best interest of the Residents, Debtor, its Creditors and its estate;

**IT IS ORDERED** that the motion is GRANTED in part and CONTINUED in part;

**IT IS ORDERED** that Debtor is authorized to use its cash collateral on an interim basis until January __, 2016 at 5:00 p.m.;

**IT IS ORDERED** that notwithstanding Bankruptcy Code § 552, liens in cash collateral that existed at the commencement of the case shall transfer, attach, and become replacement liens in post-petition cash collateral, in the same amount, and with the same extent, validity and priority, that existed at the time of the filing of the bankruptcy petition;

**IT IS ORDERED** that Debtor shall serve copies of a notice of final hearing, this interim order and the proposed Final Order upon (i) the United States Trustee, (ii) counsel to TC10 Grantor Trust and TS Cambridge Grantor Trust, (iii) the Debtor's twenty largest creditors, (iv) counsel for any committee of unsecured creditors appointed pursuant to Bankruptcy Code § 1102, (v) any other party which has filed a request for special notice with this Court and served such request on Debtor's counsel, and (vi) such taxing authorities as may hold a claim against the Debtor.  The notice of final hearing shall state objections to approval of the proposed Final Order on a final basis must be filed with the Court, at the address shown below, no later than January __, 2016:

        Clerk's Office
        United States Bankruptcy Court
        200 S. Washington Street
        Alexandria, VA 22314; and

2

**IT IS ORDERED** that further hearing on the Motion for interim use of cash collateral shall be scheduled to be held on January __ 2016 at __:00 a.m., before the Honorable Brian F. Kenney, United States Bankruptcy Judge, at 200 S. Washington Street, 3rd Floor Courtroom 3, Alexandria, VA 22314.

DATE:

                                          UNITED STATES BANKRUPTCY JUDGE

                                          ENTERED ON DOCKET:

I ask for this:

/s/ Roy M. Terry, Jr.
Roy M. Terry, Jr., VSB No. 17764
William A. Gray, VSB No. 46911
John C. Smith, VSB No. 44556
SANDS ANDERSON PC
P.O. Box 1998
Richmond, VA 23218-1998
Telephone: 804.648.1636
*Proposed Counsel for the Debtors*

## LOCAL RULE 9022-1(C) CERTIFICATION

I hereby certify that the foregoing proposed order has been endorsed by all necessary parties.

                                        /s/ Roy M. Terry, Jr.

**Copies to:**

Charles V. Rice
400A Kendrick Lane
Front Royal, VA 22630
Proposed Debtor Designee

Roy M. Terry, Jr., Esquire
SANDS ANDERSON PC
P.O. Box 1998
Richmond, VA 23218-1998
Proposed Counsel for Debtors

TC 10 Grantor Trust
TS Cambridge Grantor Trust
c/o Valstone Asset Management
260 E. Brown Street, # 250
Birmingham, MI 48009
Secured Parties

Bruce M. Blanchard, Esquire
Donald King, Esquire
Alexander M. Laughlin, Esquire
Odin, Feldman & Pittleman, P.C.
1775 Wiehle Avenue, Suite 400
Reston, VA 20190
Counsel for Secured Parties