**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

**In Re:**

| | |
|---|---|
| **TCR III, INC. (f/k/a America House One, Inc.),** EIN: 54-1910021 | Case No. 15-14162-BFK |
| **TCR IV, INC. (f/k/a America House Two, Inc.),** EIN: 54-1892641 | Case No. 15-14163-BFK |
| **TCR V, INC. (f/k/a America House Three, Inc.),** EIN: 54-1914323 | Case No. 15-14165-BFK |
| **TCR VI, INC., and** EIN: 76-0801398 | Case No. 15-14168-BFK |
| **AMERICA HOUSE ASSISTED LIVING OF FRONT ROYAL, L.L.C.,** EIN: 54-2023050 | Case No. 15-14169-BFK |
| Debtors. | Chapter 11 |

**DEBTOR'S MOTION FOR DETERMINATIONS**
**UNDER BAPCPA'S HEALTH CARE PROVISIONS**

**COME NOW** TCR III, Inc. (f/k/a America House One, Inc.); TCR IV, Inc. (f/k/a America House Two, Inc.); TCR V, Inc. (f/k/a America House Three, Inc.); TCR VI, Inc.; and America House Assisted Living of Front Royal, L.L.C. (collectively the "**Debtors**"), by counsel, and file this motion pursuant to Bankruptcy Code §§ 105(a), 333, 351, and 1107(a) for entry of an order pertaining to provisions under the Bankruptcy Abuse Prevention and Consumer Protection Act ("**BAPCPA**") determining the necessity of an appointment of a patient care ombudsman, and applicability of the patient record disposal provision, and in support thereof state as follows:

**Jurisdiction**

1.     On November 24, 2015 (the "**Petition Date**"), the Debtors filed voluntary petitions seeking relief pursuant to Chapter 11 of the United States Bankruptcy Code. The

Roy M. Terry, Jr., VSB No. 17764
William A. Gray, VSB No. 46911
John C. Smith, VSB No. 44556
SANDS ANDERSON PC
P.O. Box 1998
Richmond, Virginia 23218-1998
Telephone: 804.648.1636
*Proposed Counsel for the Debtors*

Debtors continue to manage and operate their respective business as a debtor-in-possession in accordance with 11 U.S.C. §§ 1107 and 1108.  No creditor's committee, trustee, or examiner has been appointed herein.

    2.        The Court has jurisdiction over this motion pursuant to 28 U.S.C. § 157(b)(2).

    3.        Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**Summary**

    4.        Debtor TCR III, Inc. ("**TCR III**"), is a Virginia corporation licensed by the Virginia Department of Social Services to operate an assisted living facility for up to 27 residents at 10140 Hastings Drive, Manassas, Virginia 20110 (the "**Manassas Facility**").  TCR III owns the Manassas Facility.

    5.        Debtor TCR IV, Inc. ("**TCR IV**") is a Virginia corporation licensed by the Virginia Department of Social Services to operate an assisted living facility for up to 31 residents at 680 University Lane, Orange, Virginia 22960 (the "**Orange Facility**").  TCR IV owns the Orange Facility.

    6.        Debtor TCR V, Inc. ("**TCR V**") is a Virginia corporation licensed by the Virginia Department of Social Services to operate an assisted living facility for up to 46 residents at 110 Spanish Oak Road, Stephens City, Virginia 22665 (the "**Stephens City Facility**").  TCR V owns the Stephens Facility.

    7.        Debtor American House Assisted Living of Front Royal, L.L.C. ("**America House Front Royal**") is a Virginia limited liability company licensed by the Virginia Department of Social Services to operate an assisted living facility for up to 27 residents at 106 Westminster Drive, Front Royal, Virginia 22630 (the "**Front Royal Facility**") (together with the

Manassas Facility, the Orange Facility and the Stephens City Facility, the "**Facilities**").  America House Front Royal owns the Front Royal Facility.

8. Debtor TCR VI, Inc. ("**TCR VI**") is a Virginia corporation with a mailing address of 400A Kendrick Lane, Front Royal, Virginia 22630.  TCR VI is wholly owned by TCR III.  TCR VI was formed to manage one or more Facilities, but has not taken over management of any of the Facilities.

9. For each of the Debtors except TCR VI, the residents in the Facilities are elderly people who rely on the Debtor for their every need.

10. Debtors believe that TCR III, TCR IV, TCR V, TCR VI, and America House Front Royal are a "health care business" as that term is defined in the Bankruptcy Code.  *See* 11 U.S.C. § 101(27A) ("The term 'health care business' . . . (B) includes . . . (ii) any long-term care facility, including any . . . (III) assisted living facility; (IV) home for the aged; . . . .").

## I. APPOINTMENT OF PATIENT CARE OMBUDSMAN

11. The Bankruptcy Code provides in the relevant part:

> **§ 333. Appointment of patient care ombudsman**
>
> (a)(1)  If the debtor in a case under chapter 7, 9, or 11 is a health care business, the court shall order, not later than 30 days after the commencement of the case, the appointment of an ombudsman to monitor the quality of patient care and to represent the interests of the patients of the health care business unless the court finds that the appointment of such ombudsman is not necessary for the protection of patients under the specific facts of the case.
>
> (2)(A)  If the court orders the appointment of an ombudsman under paragraph (1), the United States trustee shall appoint 1 disinterested person (other than the United States trustee) to serve as such ombudsman.
>
> (B)  If the debtor is a health care business that provides long-term care, then the United States trustee may appoint

3

the State Long-Term Care Ombudsman appointed under the Older Americans Act of 1965 for the State in which the case is pending to serve as the ombudsman required under paragraph (1).

(C) If the United States trustee does not appoint a State Long-Term Care Ombudsman under subparagraph (B), the court shall notify the State Long-Term Care Ombudsman appointed under the older Americans Act of 1965 for the State in which the case is pending, of the name and address of the person who is appointed under subparagraph (A).

11 U.S.C. § 333(a).

12. The applicable Debtor's primary concern is the health, safety and welfare of the elderly residents residing at the facility.

13. Under the specific facts of the case, Debtor does not believe that the appointment of such ombudsman is necessary for the protection of the patients and would rather spend funds on care of the patients than an ombudsman.[1] Notwithstanding, Debtor understands the Court, in an abundance of caution, may wish to appoint such person.

**WHEREFORE**, the applicable Debtor requests that the Court enter an order determining whether the appointment of such ombudsman is necessary for the protection of patients under the specific facts of the case, and for such other and further relief as is just and proper.

## II.  DISPOSAL OF PATIENT RECORDS

14. The Bankruptcy Code also provides:

**§ 351. Disposal of patient records.**

If a health care business commences a case under chapter 7, 9, or 11, and the trustee does not have a sufficient amount of funds to pay for the storage of patient records in the manner required

---

[1] If the case is converted to liquidation under Chapter 11 or 7, or BB&T moves for relief from the automatic stay to foreclose on the facility, Debtor believes Court should protect the health, safety and welfare of the residents during an orderly liquidation by surcharging BB&T's collateral to the extent necessary under 11 U.S.C. § 503.

4

>under applicable Federal or State law, the following requirements
>shall apply: . . . .

11 U.S.C. § 351. The section then provides for notification requirements prior to the destruction of patient records.

    15.    Debtors believe this section is not applicable because each has no intention of destroying patient records. Rather, each Debtor intends to continue operations and care for residents at the facility without interruption while it reorganizes its finances, and has a sufficient amount of funds to pay for the storage of patient records in the manner required under applicable Federal or State law. Notwithstanding, because this is a significant provision added by BAPCPA, in an abundance of caution, Debtors wished to bring this provision to the Court's attention.

    **WHEREFORE**, the applicable Debtor requests that the Court enter an order finding, subject to further orders of the Court, that the provisions for disposal of patient records is not applicable at this time, and for such other and further relief as is just and proper.

Date: December 29, 2015        TCR III, INC., TCR IV, INC.,
                                                  TCR V, INC., TCR VI, INC., and
                                                  AMERICA HOUSE ASSISTED LIVING OF
                                                    FRONT ROYAL, L.L.C.,
                                                  by Proposed Counsel

/s/ Roy M. Terry, Jr.
Roy M. Terry, Jr., VSB No. 17764
William A. Gray, VSB No. 46911
John C. Smith, VSB No. 44556
SANDS ANDERSON PC
P.O. Box 1998
Richmond, VA 23218-1998
Telephone: 804.648.1636
*Proposed Counsel for the Debtors*

W3215677

5

Proposed Order

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

**In Re:**

| | |
|---|---|
| TCR III, INC. (f/k/a America House One, Inc.), EIN: 54-1910021 | Case No. 15-14162-BFK |
| TCR IV, INC. (f/k/a America House Two, Inc.), EIN: 54-1892641 | Case No. 15-14163-BFK |
| TCR V, INC. (f/k/a America House Three, Inc.), EIN: 54-1914323 | Case No. 15-14165-BFK |
| TCR VI, INC., and EIN: 76-0801398 | Case No. 15-14168-BFK |
| AMERICA HOUSE ASSISTED LIVING OF FRONT ROYAL, L.L.C., EIN: 54-2023050 | Case No. 15-14169-BFK |
| **Debtors.** | **Chapter 11** |

### ORDER DETERMINING
### BAPCPA'S HEALTH CARE PROVISIONS

This matter comes before the Court upon the applicable Debtor's motion for certain determinations under the health care provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act ("**BAPCPA**"), and due notice having been provided under the circumstances, and sufficient cause appearing therefore,

**IT IS ORDERED** that *Debtor's Motion for Determination under BAPCPA's Healthcare Provisions* is GRANTED;

**IT IS ORDERED** that under the specific facts of the case, the appointment under 11 U.S.C. § 333 of an ombudsman to monitor the quality of patient care is not necessary; and

Roy M. Terry, Jr., VSB No. 17764
William A. Gray, VSB No. 46911
John C. Smith, VSB No. 44556
SANDS ANDERSON PC
P.O. Box 1998
Richmond, VA 23218-1998
Telephone: 804.648.1636
*Proposed Counsel for the Debtors*

2

**THE COURT FINDS** that in light of Debtor's representations that it has no intention of disposing of patient records, the provision under 11 U.S.C. § 351 for disposal of patient records is not applicable at this time.

DATE:

UNITED STATES BANKRUPTCY JUDGE

ENTERED ON DOCKET:

I ask for this:

/s/ Roy M. Terry, Jr.
Roy M. Terry, Jr., VSB No. 17764
William A. Gray, VSB No. 46911
John C. Smith, VSB No. 44556
SANDS ANDERSON PC
P.O. Box 1998
Richmond, VA 23218-1998
Telephone: 804.648.1636
*Proposed Counsel for the Debtors*

**LOCAL RULE 9022-1(C) CERTIFICATION**

I hereby certify that the foregoing proposed order has been endorsed by all necessary parties.

/s/ Roy M. Terry, Jr.

**Copies to:**

Charles V. Rice
400A Kendrick Lane
Front Royal, VA 22630
Proposed Debtor Designee

Roy M. Terry, Jr., Esquire
SANDS ANDERSON PC
P.O. Box 1998
Richmond, VA 23218-1998
Proposed Counsel for the Debtors

TC 10 Grantor Trust
TS Cambridge Grantor Trust
c/o Valstone Asset Management
260 E. Brown Street, # 250
Birmingham, MI 48009
Secured Parties

Bruce M. Blanchard, Esquire
Donald King, Esquire
Alexander M. Laughlin, Esquire
Odin, Feldman & Pittleman, P.C.
1775 Wiehle Avenue, Suite 400
Reston, VA 20190
Counsel for Secured Parties